UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Gemini Insurance Company,

    Plaintiff,

—v—

Integrity Contracting, Inc.,

    Defendant.

17-cv-1151 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court are Plaintiff's motion for summary judgment, Dkt. No. 46, and Defendant's cross–motion for summary judgment, Dkt. No. 51. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is denied.

## I. Background

### A. Factual Background

The following facts are undisputed except where specifically noted. Defendant Integrity Contracting, Inc. ("Integrity") is a general contractor. Dkt. No. 58-1 at ¶ 1. On March 26, 2016, Defendant, through its broker, Spectrum Insurance Brokerage Services, Inc. ("Spectrum") sought a Commercial General Liability policy for a period of June 17, 2016 through June 17, 2017 (the "Policy") from Plaintiff, Gemini Insurance Company ("Gemini"). *Id.* Vela Insurance Services ("Vela") is an authorized administrator for Plaintiff. Dkt. No. 56-1 at ¶ 1. Meghan Zuckerman is an underwriter for Vela, and is tasked with determining whether to issue a policy to a potential insured, and if so, under what terms to issue the policy. *Id.*

When Defendant submitted its insurance application, it provided copies of: (i) an Acord

1

Commercial Insurance Application; (ii) Commercial General Liability Section; (iii) Contractors Liability Program Supplemental Questionnaire Form ("Supplemental Questionnaire"); (iv) Loss Run information for Integrity; and additional accompanying documentation ("Underwriting Submissions"). *Id.* at ¶ 4. Defendant contends that a "work on hand schedule" was also submitted to Plaintiff, *see id.* at ¶ 4 Response—although that document was not produced in discovery. *See* Dkt. No. 58-1, at ¶ 5 Response. Zuckerman then conducted a risk analysis necessary to approve issuance of the Policy to Defendant, which included reviewing the Underwriting Submissions. *See* Dkt. No. 56-1 at ¶ 6.

On June 17, 2016, Vela, on behalf of Plaintiff, issued the Policy. *See id.* at ¶ 17. On September 14, 2016, Defendant, through its broker Spectrum, contacted Vela, seeking coverage under the Policy for claims made by two owners of properties adjacent to a project of Defendant's. *See id.* at ¶ 20. Excavation and underpinning work at the project, located at 1601 Kings Highway, Brooklyn, New York (the "Project") had caused damage to the adjacent buildings. *Id.* Vela conducted an investigation of the claim. *Id.* at ¶ 21. The investigation demonstrated that Defendant was acting as a general contractor to construct a four-to-five-story commercial building on a vacant lot. *Id.* at ¶ 22. The Project was a ground-up commercial construction project including: underpinning, excavation, tunneling, underground work, earth moving work and shoring of the building. *Id.* Defendant and its subcontractors were performing exterior work at the Project. *Id.* Work on the Project began approximately five months before Defendant's Underwriting Submissions were forwarded to Vela. *Id.* at ¶ 24.

On November 9, 2016, Vela sent a letter to Defendant reserving Plaintiff's right to seek rescission of the Policy based on, what Plaintiff alleged was Defendant's material misrepresentations in its Underwriting Submissions about the type of work that Defendant was

undertaking. *Id.* at ¶ 25. On December 15, 2016, Vela issued a follow-up letter to Defendant stating that Plaintiff had relied on the inaccurate and false statements in Defendant's Underwriting Submissions when it issued the Policy, and that Plaintiff would not have issued its policy to Defendant if the correct information had been disclosed in the Underwriting Submissions. *Id.* at ¶ 26. Vela requested in the letter that Defendant consent to a rescission of the Policy in return for a refund of the premium amount of $100,000, and advised that if Defendant did not consent to the rescission, Plaintiff would commence a declaratory judgment action against Defendant. *Id.* Defendant disputed, and continues to dispute, that it made material misrepresentations in its submissions to Plaintiff. *See, e.g., id.* at ¶ 32 Response. As a result, Plaintiff filed this action on February 15, 2017. *Id.* at ¶ 27.

**B. Procedural Background**

Plaintiff filed this declaratory judgment action seeking rescission on February 15, 2017. Dkt. No. 1. Following discovery, Plaintiff and Defendant both filed cross-motions for summary judgment on April 11, 2018. Dkt. Nos. 46, 51. On March 6, 2018, the Court accepted a new case, *Kingsway Realty, LLC v. Gemini Insurance Company*, Case No. 18-cv-01700, as related to this one. The Court declined to consolidate the cases. *See* Dkt. No. 70.

**II. Legal Standard**

A court may not grant a motion for summary judgment unless all of the submissions taken together "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477

3

U.S. 242, 248 (1986)). "Summary judgment is appropriate when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Smith v. County of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "[I]n making that determination, the court is to draw all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party opposing the motion." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

If both sides move for summary judgment, a court is "required to assess each motion on its own merits and to view the evidence in the light most favorable to the party opposing the motion, drawing all reasonable inferences in favor of that party." *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171 (2d Cir. 2011).

## III. Discussion

The parties do not dispute that New York law applies to this action. *See* Dkt. No. 50 at 4 n.1; Dkt. No. 52 at 5 n.1. "New York law entitles an insurer to rescind an insurance policy—and the policy is deemed void ab initio—'if it was issued in reliance on material misrepresentations.'" *Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, 6 F. Supp. 3d 380, 389-90 (S.D.N.Y. 2014) (citing *Fid. & Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp.*, 540 F.3d 133, 139 (2d Cir. 2008); *Interboro Ins. Co. v. Fatmir*, 933 N.Y.S. 2d 343, 345 (2d Dep't 2011)), *aff'd sub nom. Cont'l Cas. Co. v. Boughton*, 695 Fed App'x. 596 (2d Cir. 2017).

A misrepresentation in an application for insurance is a false "'statement as to past or present fact, made to the insurer by . . . the applicant for insurance . . . as an inducement to the making thereof.'" *Fid. & Guar. Ins. Underwriters*, 540 F.3d at 139 (quoting N.Y. Ins. Law § 3105(a)). "The insured and the beneficiary are bound by the representations made in the application. *Zachary Trading Inc. v. Northwestern Mutual Life Ins. Co.*, 668 F. Supp. 343, 346 (S.D.N.Y 1987). The insured has "the duty to examine the policy application and correct any incorrect or incomplete answers." *Id.* "An insurer seeking rescission has the burden of proving the existence of a misrepresentation in the procurement process and *the materiality of that misrepresentation*—that is, that the insurer's knowledge of the truth would have resulted in refusal to issue the policy in the first instance." *Cont'l Cas. Co.*, 6 F. Supp. at 390 (emphasis added). "If an insurer can show that it was induced to accept an application that it might otherwise have refused it is entitled to rescind the policy." *In re WorldCom, Inc. Sec. Litig.*, 354 F. Supp. 2d 455, 465 (S.D.N.Y.2005); *see Interboro*, 933 N.Y.S.2d at 345 ("A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented."). "Even an innocent misrepresentation, if material, will support rescission." *WorldCom*, 354 F. Supp. 2d at 465; *see Vella v. Equitable Life Assurance Soc'y*, 887 F.2d 388, 391 (2d Cir. 1989) ("So long as a misrepresentation is material, it is no defense to an action for rescission that the misrepresentation was innocently made.").

Under New York law, materiality is typically a question of fact for the jury. *See Am. Int'l Specialty Lines Ins. Co. v. Towers Fin. Corp.*, No. 94–CV–2727 (WK)(AJP), 1997 WL 906427, at *7 (S.D.N.Y. Sept. 12, 1997). "However, where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine." *Berger v. Manhattan Life Ins. Co.*, 805 F. Supp. 1097, 1102 (S.D.N.Y. 1992) (citing *Process*

*Plants Corp. v. Beneficial Life Ins. Co.*, 385 N.Y.S.2d 308, 310-11 (1st Dept. 1976)). To establish materiality as a matter of law, "the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application." *Interboro*, 933 N.Y.S.2d at 345 (2nd Dept. 2011). "Conclusory statements by insurance company employees, unsupported by documentary evidence, are insufficient to establish materiality as a matter of law." *Curanovic v. New York Cent. Mut. Fire Ins. Co.*, 307 A.D.2d 435, 437 (2003).

Plaintiff argues that because material misrepresentations were made in Defendant's Policy application submission, rescission of the Policy is required. Defendant contends that no material misrepresentations were made by Defendant, and the Policy covers the work performed by Defendant at the Project. The Court now separately addresses the cross-motions for summary judgment, assessing each motion on its own merits, viewing the evidence in the light most favorable to the party opposing the motion, and drawing all reasonable inferences in favor of the nonmoving party. *Wachovia Bank*, 661 F.3d at 171. The Court denies both motions.

### A. Plaintiff's Motion for Summary Judgment

Plaintiff has not demonstrated that the evidence concerning materiality is "clear and substantially uncontradicted." *Berger*, 805 F. Supp. at 1102. Plaintiff, relying almost entirely on statements in an affidavit from the underwriter for Defendant's account, argues that had Plaintiff been aware of Defendant's work on exterior construction projects, Plaintiff would not have issued the Policy. *See* Dkt. No. 50 at 13 (citing Dkt. No. 40, Zuckerman Aff. ¶ 30). However, as discussed above, statements by insurance company employees, without additional documentary evidence, is insufficient for a party to meet its burden on materiality at the summary judgement

stage. *See Cont'l Cas. Co.*, 6 F. Supp. at 390. While Plaintiff points to an excerpt from its Underwriting Guidelines (Dkt. No. 48-6, Zuckerman Ex. F) to argue that there is no genuine dispute of material fact, it is not clear from the face of the document that Plaintiff's "knowledge of the truth would have resulted" in the underwriting of a different policy. *Cont'l Cas. Co.*, 6 F. Supp. at 390. The document simply provides an outline, or checklist, for the underwriter. On its own, the document provides no useful information to the Court about the underwriter's decision making process for granting a policy. Therefore, the statements by insurance company employees, even coupled with the document, is not enough for Plaintiff to meet its burden at summary judgment. *See id.* For all of these reasons, Plaintiff's motion is denied.

**B. Defendant's Motion for Summary Judgment**

Defendant has also not met its burden at summary judgment. Defendant contends that any misrepresentations made by Defendant in the Supplemental Questionnaire or Underwriting Submissions were not material because they were cured through other submissions to Plaintiff. *See* Dkt. No. 52 at 8-10. Defendant argues, *inter alia,* that Plaintiff did not rely on the Supplemental Questionnaire or Underwriting Submissions when underwriting the policy; that Plaintiff had access to a "work on hand schedule" and an additional report (discussed in the record as the "Heti Report") that suggests Plaintiff was aware of the exterior renovation work Defendant was undertaking; and that the language of the Policy covers Defendant's work on the Project. *See id.* at 8-10, 15-20. However, Defendant concedes that there *were* inaccuracies in the Supplemental Questionnaire. *See id.* at 7 (citing to deposition testimony of Integrity's President, Dkt. No. 54-2, Ex. H at 36-39). Defendant partially relies on the "work on hand" schedule to argue that any inaccuracies in the Supplemental Questionnaire were cured by the additional submissions. *See id.* at 7-8. As noted above, however, the "work on hand" schedule

is not in the record and there is no evidence that Plaintiff received it. *See* Dkt. No. 58-1, at ¶ 5 Response. Therefore, there remains a genuine dispute of material fact as to whether there were material misrepresentations in the Policy application submission.

For all of these reasons, a reasonable juror could conclude that the misrepresentations in the submission would have caused Plaintiff to "not have issued the same policy . . . ." *Interboro*, 933 N.Y.S.2d at 345. Accordingly, Defendant's motion is also denied.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion is DENIED and Defendant's motion is DENIED. This resolves Docket Numbers 46, 51, and 65. Within two weeks of the date of this Order, the parties shall confer regarding settlement and file a status letter with the Court proposing dates for a status conference.

SO ORDERED.

Dated: March 8, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge