UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Gemini Insurance Company,

        Plaintiff,

–v–

Integrity Contracting Inc.,

        Defendant.

17-cv-1151 (AJN)

ORDER & OPINION

ALISON J. NATHAN, District Judge:

On April 24, 2019, Plaintiff moved to voluntarily dismiss this action without prejudice pursuant to F.R.C.P. 41(a)(2). Dkt. No. 82. Defendant filed an opposition to this motion on May 8, 2019, Dkt. Nos. 86–87, and Plaintiff filed a reply on May 15, 2019, Dkt. Nos. 88–89. Having considered the parties' submissions and the applicable law, the Court GRANTS Plaintiff's motion for voluntary dismissal of this action on the conditions outlined below.

Under Rule 41 of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss a case over the objection of a party to the case "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In the Second Circuit, "[f]actors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any undue vexatiousness on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (internal quotation marks omitted). In general, "the presumption in this circuit is that a court should grant a dismissal pursuant to

1

41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Guzman v. Hazemag U.S.A., Inc.*, 145 F.R.D. 308, 309 (E.D.N.Y.1993).

In this case, Plaintiff sought dismissal shortly after the Court's denial of both parties' motions for summary judgment on Plaintiff's claim for rescission of an insurance policy issued to Defendant. In Plaintiff's calculation, the costs associated with trial on the rescission action outweigh the exposure presented by the two underlying bodily injury claims that, under the policy, Plaintiff would be responsible for defending. *See* Dkt. No. 84 at 5. Accordingly, Plaintiff has offered to discontinue the litigation of this case and assume Defendant's defense of these two claims. *See id.* Though the case in not in its initial stages, Plaintiff argues that it has brought its motion diligently, and that dismissal at this stage would avoid the significant effort and expense of bringing this case to trial. *See id.* at 7–10.

The Court agrees with Plaintiff that the *Zagano* factors weigh in favor of dismissal. First, Plaintiff filed this motion promptly upon learning that Defendant would not consent to dismissal in the wake of the Court's summary judgment ruling. Second, there is no evidence in the record of any vexatious actions on the part of Plaintiff. Third, Plaintiff has filed its motion before either party has begun trial preparations. Fourth, the duplicative expense of relitigation would be slight: though this case is beyond the summary judgment stage, there remain issues of disputed fact that would require further dedication of resources to resolve whether in this forum or elsewhere. In other words, this is not a case in which "the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action." *D'Alto v. Dahon Calif., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996). In any event, Plaintiff disavows any intention to affirmatively relitigate its claim in another forum. *See* Dkt. No. 84 at 10. Fifth, Plaintiff's explanation for seeking dismissal is rational and

2

persuasive. Finally, in light of Plaintiff's agreement to defend against the personal injury actions, it is difficult to see how Defendant would be prejudiced by the dismissal of the rescission action. Having considered the *Zagano* factors, the Court concludes that dismissal is appropriate here.

Indeed, Defendant does not dispute that the *Zagano* factors favor dismissal, nor does Defendant contest Plaintiff's factual assertions as to any of the factors. *See generally* Dkt. No. 87. Rather, Defendant asks that the Court condition the dismissal on (1) Plaintiff assuming the defense of the two personal injury matters discussed above; and (2) Defendant being permitted to amend its answer to include a counterclaim for declaratory judgment that Defendant is entitled to coverage under the policy for an underlying state property damage claim. Defendant requested coverage for the property damage claim on September 14, 2016, and Plaintiff disclaimed coverage on November 9, 2016, pursuant to a clause in the policy called the "Earth Movement Exclusion Endorsement". *See* Dkt. No. 84 at 3.

With respect to the first condition, Plaintiff explicitly consents, agreeing to "assume [Defendant's] defense in the Personal Injury Actions, subject to a reservation of rights, commencing from the date of [Defendant's] initial notice of the Personal Injury Actions." Dkt. No. 89 at 2. This condition would decrease the chance that the parties will be forced to relitigate the rescission issue in a future proceeding, thus promoting efficiency and allaying the potential for Defendant to be prejudiced by the dismissal. For these reasons, the Court will condition dismissal of the complaint on Plaintiff's agreement to assume the defense of these two underlying personal injury actions.

As for the second condition, Plaintiff does not consent, arguing that the proposed counterclaim is both untimely and essentially unrelated to the litigation that has occurred before

this Court thus far. The Court agrees with Plaintiff. The deadline for Defendant to move to amend its answer elapsed almost two years ago. *See* Dkt. No. 18 at 2 (setting a deadline of July 3, 2017 for motions to amend the pleadings in this case). At present, Defendant has still not moved to amend its answer, instead asking the Court to use its discretion to condition of dismissal of Plaintiff's claims on the amendment of Defendant's answer. However, Defendant makes no persuasive argument that it is entitled to this amendment to allay any prejudice or unfairness that would result from dismissal. After all, even if the case were to remain active, Defendant has no pending counterclaim against Plaintiff.

In addition, the Court is unconvinced that it would be efficient to consider Defendant's counterclaim in this proceeding, as compared to in another forum. As Plaintiff points out, though the insurance policy at issue is the same, the proposed counterclaim involves different factual and legal questions than those that were before the Court in the rescission action—the Court is entirely unfamiliar with the Earth Movement Exclusion. In short, conditioning dismissal on allowing Defendant to plead its counterclaim now would, in essence, commence an entirely new action that would require another period of discovery, followed in all likelihood by another round of dispositive motions. Given the length of time that has elapsed and the dearth of shared questions of law and fact, the Court declines to do so.

In conclusion, this action is dismissed in its entirety without prejudice. As stipulated, Plaintiff shall defend Defendant in the two underlying personal injury actions: *Elvira Khanazarova v. Kingsway Realty, LLC, et al.* and *Murod Mamedox v. Kingsway Realty, LLC, et al.* In addition, in the interests of efficiency and judicial economy, the Court orders that

discovery obtained in this action may be used in any future action related to the insurance policy at issue in this case.[1]

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: June 14, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[1] Plaintiff has consented to this condition. *See* Dkt. No. 89 at 5.